STRICKLER and Wife v. YAGER, Treasurer, etc., and others.

(*Circuit Court, E. D. Virginia.* October, 1886.)

CONSTITUTIONAL LAW—TAXATION—VIRGINIA COUPONS—MEASURE OF DAMAGES—MALICE.
  Following *Willis* v. *Miller, ante,* 238.

At Law. Trespass.

The facts in this case were the same as in the preceding one, with the exception that the tax due was nine dollars only, and there was no question relating to the school tax involved in the case; the plaintiffs having paid that part of the tax relating to the public schools in currency, and having tendered coupons for the other part of the revenue solely.

The court gave the same instructions in this case as in the preceding one, and the plaintiffs' counsel urgently appealed to the jury to find a verdict for punitive damages, and thus arrest these open, pro-

claimed, and intended defiances of the supreme law of the land as laid down by the supreme court of the United States.

The plaintiffs had bought in their own property at the sale for nine dollars. Consequently nine dollars was the extent of the damage suffered. The jury found a verdict for nine dollars, the plaintiffs' actual damages, against the members of the indemnity board; but they found a verdict of not guilty as to the treasurer of Page county, who made the seizure and sale. The plaintiffs' counsel moved the court to set this verdict aside as inadequate, but his honor, the circuit judge, overruled the motion, saying that the amount of damages was a matter entirely within the province of the jury; that it appeared from the two trials which had been had that a jury of Virginians proposed to let it be known that they would not protect their fellow-citizens from willful trespasses committed upon them, when those fellow-citizens relied upon the constitutional laws of the United States only for that protection; and, if the jury chose to take this position, the court was powerless to secure the citizen any redress.

During the trial of the latter case the plaintiffs' counsel called the Honorable R. A. Ayers, attorney general of the state of Virginia, as a witness to prove that, as a member of the indemnity board, he had signed the circular instructing the treasurer to levy and sell, notwithstanding the tender of coupons, and promising them indemnity for such unlawful acts. During his examination the following colloquy took place between him and the court.

*William L. Royall* and *George Bryan*, for plaintiffs.

*R. A. Ayers*, Atty. Gen., and *J. Randolph Tucker*, for defendants.

Bond, J. Mr. Attorney General, when you signed that circular and that guaranty, did you know that the supreme court of the United States had decided that it was a trespass for a collector to levy on a tax-payer after a tender of coupons, and that any law of the state undertaking to protect him on that trespass was repugnant to the constitution of the United States and void?

Ayers, Atty. Gen. After the last decisions of the supreme court of the United States, made in the beginning of February last, I was before the legislative committee having charge of that subject. The meaning of those decisions was fully explained to and understood by that committee and the entire legislature. This act creating the indemnity board was the result of the resolution the legislature came to.

Bond, J. Do you think that indemnifying act a constitutional one, or that any act authorizing one citizen to commit a trespass upon another, and agreeing to indemnify him for all damages he might suffer, would be held to be constitutional by the courts of Virginia?

Ayers, Atty. Gen. Well, I think there might be a good deal of discussion concerning that.

Bond, J. Well, we won't discuss it.